# UNITED STATES DISTRICT COURT
Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KAREN ALAMEDDINE | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:14-CR-808-GHW<br>USM Number: 96443-038<br>Joshua Dratel, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   Count 1 and Count 7

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| Title 18 U.S.C. § 1343 | Wire Fraud | Early 2014 | 1 |
| Title 26 U.S.C. § 7201 | Tax Evasion | 2013 | 7 |

   The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   2,3,4,5 and 6   ☐ is   ☑ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 20, 2016
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

Gregory H. Woods, USDJ
Name and Title of Judge

1/26/16
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 26 2016

DEFENDANT: KAREN ALAMEDDINE
CASE NUMBER: 1:14-CR-808-GHW

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Forty-eight (48) months on Count 1; Forty-eight (48) months on Count 7. The sentence imposed on Count 7 shall run concurrently with the sentence imposed on Count 1.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the Bureau of Prisons designate the defendant to a facility close to West Virginia.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 7

DEFENDANT: KAREN ALAMEDDINE
CASE NUMBER: 1:14-CR-808-GHW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three (3) years on Count 1; Three (3) years on Count 7. The term of supervision imposed on Count 7 shall run concurrently with the term of supervision imposed on Count 1.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The mandatory drug testing condition is suspended due to the imposition of a special condition requiring drug treatment and testing. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KAREN ALAMEDDINE
CASE NUMBER: 1:14-CR-808-GHW

Judgment—Page 4 of 7

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit her person, residence, place of business, vehicle, or any other premises under her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The defendant shall participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to using drugs or alcohol. The defendant shall contribute to the costs of services rendered based on the defendant's ability to pay or availability of third-party payment. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence investigation report, to the substance abuse treatment provider.

The defendant shall participate in an outpatient mental health treatment program approved by the United States Probation Office. The defendant shall continue to take any prescribed medication unless otherwise instructed by the health care provider. The defendant shall contribute to the cost of services rendered based on the defendant's ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

In the event that the defendant secures a position that allows her unsupervised access and/or control over an individual's, corporation's or other non-natural person's assets, she shall inform her employer of her conviction for this offense.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall be supervised in her district of residence.

The defendant is to report to the nearest Probation Office within 72 hours of release from custody.

DEFENDANT: KAREN ALAMEDDINE
CASE NUMBER: 1:14-CR-808-GHW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| TOTALS | $ 200.00      | $ 0.00   | $ 2,678,983.00  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Hereditary Disease Foundation | $1,934,839.00 | $1,934,839.00 | |
| Internal Revenue Service | $640,144.00 | $640,144.00 | |
| Everest National Insurance Company | $100,000.00 | $100,000.00 | |

| TOTALS | $ 2,674,983.00 | $ 2,674,983.00 |
|--------|----------------|----------------|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KAREN ALAMEDDINE
CASE NUMBER: 1:14-CR-808-GHW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

The Special Assessment in the amount of $200.00 dollars is to be paid immediately.
If the defendant is engaged in a BOP non-UNICOR work program, the defendant shall pay $25 per quarter toward the criminal financial penalties. However, if the defendant participates in the BOP's UNICOR program as a grade 1 through 4, the defendant shall pay 50% of her monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. § 545.11. Any payment made that is not payment in full shall be devided proportionately among the persons named. The balance of the restitution shall be paid in monthly installments of 15% of the defendants gross monthly income over a period of supervision to commence 30 days after the date of the judgment or the defendants release from custody. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See Sheet 6B-Schedule of Payments regarding property forfeited by the defendant.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment—Page 7 of 7

DEFENDANT: KAREN ALAMEDDINE
CASE NUMBER: 1:14-CR-808-GHW

## ADDITIONAL FORFEITED PROPERTY

The Court ordered that the defendant forfeit all property real and personal, involved in the offense traceable to such property, including a sum of US currency equal to at least $1,828,000.00, which constitutes or was derived from proceeds traceable to the offense, and which includes at least the following: (a) any and all US currency on deposit in account No. 9803612739, in the name of Dean and Company LL, (b) any and all US currency on deposit in Account No. 9804698331, in the name of Karen J. Alameddine, (c) any and all US currency on deposit in Account No. 9804427145 in the name of Karen J. Alameddine, and (d) the various items of jewelry seized from Ms. Alameddine on November 14, 2014 and currently in the custody of the Internal Revenue Service, including, but not limited to, the specific items of property described in the Indictment for this offense.